## THE NERO.

## THE HERCULES.

### (District Court, E. D. Pennsylvania. March 23, 1911.)

### No. 26.

COLLISION (§ 71[*])—DERRICK AND MOORED LAUNCH—FAILURE OF LAUNCH TO MOVE OUT OF WAY.

A collision between a large and unwieldy derrick having no motive power of her own and a small launch tied up to a pier *held* due solely to the fault of the launch for the failure of the man in charge to move her out of the way, as he might readily have done, upon being warned from the derrick as soon as her presence was discovered.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 101; Dec. Dig. § 71.[*]]

In Admiralty. Suit by the owner of the launch Nero against the derrick Hercules for collision. On final hearing. Decree for respondent.

Francis S. Laws, for libelant.
George P. Rich, for respondent.

J. B. McPHERSON, District Judge. There is no important dispute in this case except upon one point. The young man who was left in charge of the launch declares that the derrick enjoined him not to move his boat, and that he obeyed the injunction, although a slight change of place, which he could have made without trouble, would have avoided the collision. In my opinion the weight of the evidence is with the respondent in this matter; and certainly, if the warning testified to by her witnesses was actually given—and I find the fact to be as they have testified—the negligence of the launch is clear. This leaves to be considered the question whether the derrick was also negligent in failing to take proper precautions under all the circumstances. In my opinion, she did all that could properly be required. She had no reason to suspect the presence of the launch, and only became aware of it when it is probable that the collision could not have been avoided. She is a large and unwieldy vessel, without power of her own, while the launch is a small boat, and could easily have been moved by hand with slight exertion by the young man in charge. The derrick might reasonably suppose that the launch would be moved the few feet that would have put her into complete safety, and I see no negligence in the failure of the Hercules to put out a breast line to the short pier immediately to the north. I think it is true that soon after the launch was discovered it was possible to throw a line from the derrick to the short pier, but it would have been necessary to send a man around the dock to catch it, and it is very doubtful whether he could have reached the spot in time to check the movement of the derrick so as to avoid the collision.

I do not agree with the respondent's contention that the launch was where she had no right to be. Pier 13 was open by permission of the owner to all boats having business there, and the launch was prosecuting her lawful business when she made fast to the pier upon the occa-

sion in question. But, as I have already said, she was bound to take reasonable precautions to avoid collision, and in my opinion she failed to discharge the duty that was imposed upon her. She was a much lighter vessel and was much more capable of easy and speedy movement. In several respects the case resembles The Etruria (D. C.) 88 Fed. 555.

But I think the circumstances of this litigation should have some effect upon the disposition of the costs; and therefore, while the libel must be dismissed, I direct that the docket costs shall be equally divided, and that each party shall pay his own witnesses and the cost of taking and transcribing their testimony.

A decree to this effect may be entered.